NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ALISHA B.,
*Appellant*,

v.

DEPARTMENT OF CHILD SAFETY, G.C., X.C.,
*Appellees*.

No. 1 CA-JV 21-0145
FILED 8-17-2021

Appeal from the Superior Court in Maricopa County
No. JD532821
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Alisha B. ("Mother") appeals from the superior court's appointment of a permanent guardian for her dependent children. Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Mother has two natural sons, G.C. and X.C., born in September 2013 and March 2015, respectively. In 2016, Mother left both boys with her cousin in Arizona and moved to New Mexico. Before leaving, she arranged for the appointment of her cousin as the children's temporary guardian.

**¶3**        Three years later, DCS learned that G.C. and X.C. still lived with the cousin, whose appointment as temporary guardian had expired, and that Mother never contacted or supported the children. As a result, DCS petitioned the superior court to find the children dependent as to Mother on the grounds of abandonment and neglect. After an evidentiary hearing, the superior court found the children dependent.

**¶4**        A month later, Mother moved the superior court to appoint her mother ("Maternal Grandmother") as the permanent guardian of G.C. and X.C. DCS opposed the motion and moved to appoint the cousin as the children's permanent guardian. After another evidentiary hearing, the court appointed the cousin as the children's permanent guardian. Mother timely appeals. We have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-2101(A).

## DISCUSSION

**¶5**        Mother argues the superior court ignored the preference under Arizona law that a dependent child be placed with his grandparents under A.R.S. § 8-514(B)(2). We will not reverse a guardianship order unless it is clearly erroneous. *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 555 (App. 1997).

¶6        We discern no error on this record.  Section 8-514(B) identifies an order of preference, and a child's best interest drives the final placement decision.  The statute directs DCS to "place a child in the least restrictive type of placement available, consistent with the best interests of the child."  The statutory "order for placement preference," which lists a child's parents and grandparents, is meaningful only when two or more placements are in the child's best interest.  A.R.S. § 8-514(B)(1)-(7).

¶7        Because the superior court found that placement with Maternal Grandmother was not in the children's best interests, Grandmother was not an option under the order of preference.   And the record had reasonable evidence to support the court's finding.   The evidence shows that G.C. and X.C. had established a strong bond with their cousin and her husband, who the children call "mother" and "father," and removal from the cousin would be "traumatic" for the children.   By contrast, Maternal Grandmother had a weaker bond with the children, having personally visited the children only once in the last four years.[1]

**CONCLUSION**

¶8        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[1]        DCS further argues that § 8-514(B) does not apply to guardianships, but we need not and do not decide that issue here.